# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| MARK EDWARD SMITH, | ) |
| Petitioner, | ) |
| v. | ) 1:18CV671 |
| ERIK A. HOOKS, | ) |
| Respondent. | ) |

## MEMORANDUM OPINION AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

Petitioner, a prisoner of the State of North Carolina, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (the "Petition"). (Docket Entry 1.) Respondent has moved for summary judgment both on grounds of untimeliness and on the merits. (Docket Entries 4, 5.) Because Petitioner has not exhausted his claims in state court, the undersigned United States Magistrate Judge will recommend that the Court dismiss the instant Petition without prejudice.

## I. Background

On April 5, 2016, Petitioner pleaded guilty to misdemeanor driving while impaired ("DWI"), aggravated level one, in Durham County District Court, whereupon that court imposed a prison sentence of 36 months in the misdemeanant confinement program. (See Docket Entry 1, ¶¶ 1-6; Docket Entries 5-2 through 5-4.) Petitioner did not appeal but did file, through counsel,[1] a Motion for Appropriate Relief ("MAR") with the Durham County District

---

[1] Petitioner's counsel indicated that he entered a limited appearance for the sole purpose of filing Petitioner's MAR. (See Docket Entry 5-6 at 10.)

Court (Docket Entry 5-5), which that court summarily denied (see id. at 1 (reflecting trial judge's handwritten "Denied" dated August 23, 2017)).[2] Petitioner did not thereafter seek certiorari review in the North Carolina Court of Appeals of his MAR's denial. (See generally Docket Entry 1.)

Petitioner subsequently filed the instant Petition on July 30, 2018. (Docket Entry 1 at 15.)[3] Respondent then filed the instant Motion for Summary Judgment and supporting Brief (Docket Entries 4, 5) and, despite Petitioner's receipt of notice under Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), of his right to respond in opposition to Respondent's Motion (see Docket Entry 6), Petitioner did not respond (see Docket Entries dated Sept. 13, 2018, to the present). Petitioner's active sentence of imprisonment ended on December 6, 2018, although he remains on parole until April 5, 2019. See https://webapps.doc.state.nc.us/opi/ (North Carolina Dep't of Public Safety's Offender Public Information search portal (last viewed December 10, 2018)).

## II. Grounds for Relief

Petitioner has presented three grounds for habeas relief:

1) his trial counsel provided ineffective assistance because his counsel "did not even know the law on a[n] agraveted [sic] level [one DWI]," "was no help at all," "told [Petitioner] after

---

[2] Throughout this Recommendation, pin citations to page numbers refer to the page numbers in the footer appended to those materials at the time of their docketing in the CM/ECF system.

[3] Under Rule 3(d) of the Rules Governing Section 2254 Cases in United States District Courts, the Court should deem the instant Petition filed on July 30, 2018, the date Petitioner signed the Petition (under penalty of perjury) as submitted to prison authorities (see Docket Entry 1 at 15).

[he] was sentenced to 36 months that [he] would only do 18 months," "did[ not] want to appeal," and "did not mention that [Petitioner] had went to Freedom House in Chapill [sic] Hill [on December 20, 2015]" (Docket Entry 1, ¶ 12(GROUND ONE)(a));

2) his "[a]ttorney did[ not] even say that [Petitioner had gone to a treatment facility] in court or produce a fax that [counsel] said he was waiting on," "failed to tell [Petitioner] what [he] was facing until the day [he] was sentenced," "in front of the bailif [sic] [counsel] told [Petitioner] 18 months out of 36[] so [Petitioner] took his [counsel's] word that was it and a month later [Petitioner] found out that in fact [he] would do the whole 36 months" (id., ¶ 12 (GROUND TWO)(a)); and

3) "[v]iolation of [d]ue process" in that Petitioner "was trying to represent [him]self" and "sent a [MAR] to Durham County Clerk of Court three times [but] they would not file it without a lawyer" (id., ¶ 12 (GROUND THREE)(a)).

### III. Discussion

**A. In Custody**

The Court "shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a) (emphasis added); see also Maleng v. Cook, 490 U.S. 488, 490-91 (1989) (holding that Section 2254 petitioner must, at the time he or she files petition, remain "in custody" pursuant to state conviction or sentence at issue (citing Carafas v.

-3-

LaVallee, 391 U.S. 234, 238 (1968))). The "in custody" requirement raises a threshold jurisdictional question. Maleng, 490 U.S. at 490 (stating that "[t]he federal habeas statute gives the United States district courts jurisdiction to entertain petitions for habeas relief only from persons who are '*in custody* in violation of the Constitution or laws or treaties of the United States'") (emphasis in original). However, to meet the jurisdictional "in custody" requirement, a petitioner need not remain in <u>actual physical custody</u> of state authorities, as well-settled law holds that an ongoing term of probation or parole constitutes a sufficient restraint on a petitioner's liberty to allow the petitioner to challenge a state sentence under Section 2254. See Jones v. Cunningham, 371 U.S. 236, 242 (1963) (deeming prisoner on parole still "in custody" for habeas purposes because release from physical confinement remained conditional and "the custody and control of the Parole Board involves significant restraints on petitioner's liberty"). Thus, despite Petitioner's release from prison on December 6, 2018, his ongoing term of parole ending April 5, 2019, suffices to meet the "in custody" requirement and thus to vest this Court with jurisdiction to entertain the Petition.

**B. Exhaustion**

Respondent contends that "Petitioner's Grounds for Relief are non-exhausted and now procedurally barred." (Docket Entry 5 at 10 (bold font and single-spacing omitted).) According to Respondent, "[a]lthough in [Petitioner's] plea bargain [he] waived his right to appeal and a jury trial in Superior Court, he did not waive his

right to state post-conviction review." (Id.)  Thus, Respondent asserts that Petitioner's failure to file certiorari petitions in either Durham County Superior Court or the North Carolina Court of Appeals seeking review of his MAR's denial amounts to a failure to exhaust any of the claims in his MAR. (Id. (citing N.C. Gen. Stat. § 15A-1422(c)(3), N.C. R. App. P. 21(e)).)  Moreover, Respondent maintains that, "[b]ecause Petitioner has now unreasonably delayed filing a certiorari petition in the [Court of Appeals] . . ., his entire [Petition] is procedurally barred." (Id. (citing O'Sullivan v. Boerckel, 526 U.S. 838 (1999); Allen v. Dail, Civ. No. 5:13-HC-2068-FL, 2014 WL 1117928, at *3 (E.D.N.C. Mar. 20, 2014) (unpublished), and N.C. R. App. P. 21(e)).)

"Before [the] [C]ourt may grant habeas relief to a state prisoner, the prisoner must exhaust his remedies in state court. In other words, the state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to [this] [C]ourt in a habeas petition." O'Sullivan, 526 U.S. at 842; see also 28 U.S.C. § 2254(b)(1); 28 U.S.C. § 2254(b)(3) ("A State shall not be deemed to have waived the exhaustion requirement . . . unless the State, through counsel, expressly waives the requirement.").  Petitioner must exhaust available state court remedies, unless "there is an absence of available State corrective process [ ] or . . . circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1); see also Engle v. Issac, 456 U.S. 107, 125 n.28 (1982) (exhaustion "refers only to remedies still available at the

time of the federal petition"). If an avenue for pursuing a non-exhausted claim in the state courts remains available, a federal court will generally decline habeas review, see Browne v. Heath, No. 11 CV 1078 DLI, 2014 WL 8390320, at *14 (E.D.N.Y. Aug. 25, 2014) (unpublished), recommendation adopted, No. 11-CV-1078 DLI CLP, 2015 WL 1469182 (E.D.N.Y. Mar. 30, 2015) (unpublished); conversely, where no potential avenue in the state courts exists for a claim, requiring its presentation in the state courts would amount to an exercise in futility, see Aparicio v. Artuz, 269 F.3d 78, 90 (2d Cir. 2001). Under such circumstances, the claim faces a procedural bar, and Petitioner must demonstrate cause for the default and actual prejudice, or that failure to consider the defaulted claim would amount to a fundamental miscarriage of justice (such as in the case of actual innocence). See Coleman v. Thompson, 501 U.S. 722, 748-50 (1991).

Here, Petitioner has neither shown that he filed a certiorari petition challenging denial of his MAR in the Durham County Superior Court, nor that he sought review of his MAR's denial in the North Carolina Court of Appeals. Under such circumstances, the claims in the Petition remain unexhausted. See O'Sullivan, 526 U.S. at 847 ("requiring state prisoners [for full exhaustion] to file petitions for discretionary review when that review is part of the ordinary appellate review procedure in the [s]tate"); N.C. Gen. Stat. § 15A-1422(c)(3) (providing that trial court's ruling on MAR "subject to review . . .[, i]f the time for appeal has expired and no appeal is pending, by writ of certiorari"). Respondent contends

that Petitioner "unreasonably delayed" filing a certiorari petition in the Court of Appeals under Rule 21(e) of the North Carolina Rules of Appellate Procedure and, thus, that Petitioner's claims would now face a procedural bar. (See Docket Entry 5 at 10-11.) However:

> <u>North Carolina has not defined what constitutes unreasonable delay for purposes of N.C. R. App. P. 21(e)</u>. The time for filing appeals in civil cases is thirty days and fourteen days for criminal cases. N.C. R. App. P. 3(c) & 4(a). The largest amount of time to seek appellate review is sixty days, and it is reserved for post-conviction appellate review of death penalty cases. N.C. R. App. P. 21(f). Therefore, it is <u>unlikely that North Carolina would interpret N.C. R. App. P. 21(e) to extend beyond thirty days, except perhaps for brief, limited periods in very unusual circumstances</u> . . . .

<u>McConnell v. Beck</u>, 427 F.Supp.2d 578, 582 (M.D.N.C. 2006) (Osteen, Sr., J.) (emphasis added). Although Petitioner has failed to seek review of his MAR's denial in the more than 15 months that have passed since the trial court denied Petitioner's MAR on August 23, 2017, in light of Petitioner's allegations regarding alleged difficulty in filing the MAR in the Durham County District Court (see Docket Entry 1, ¶ 12 (GROUND THREE)(a)), Petitioner could assert that unusual circumstances prevented earlier filing of certiorari petitions. Thus, the record does not <u>conclusively</u> establish that the Court of Appeals would find Petitioner "unreasonably delay[ed]" filing a certiorari petition under Rule 21(e). Accordingly, the Court should find that the Petition's claims qualify as unexhausted, but not, on this record, procedurally barred.

## **IV. Conclusion**

**IT IS THEREFORE RECOMMENDED** that Respondent's Motion for Summary Judgment (Docket Entry 4) be granted in part and denied in part, in that Judgment be entered dismissing this action without prejudice pending Petitioner's exhaustion of his claims in the state courts, without issuance of a certificate of appealability.

/s/ L. Patrick Auld
**L. Patrick Auld**
**United States Magistrate Judge**

December 21, 2018